[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12793

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FELIX JACKSON DE LA CRUZ VALVERDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:16-cr-00243-SDM-AEP-1

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Felix Jackson De La Cruz Valverde appeals the district court's order denying his motion for compassionate release. *See* 18 U.S.C. § 3582(c). The government moves for summary affirmance, arguing that there is no substantial question as to the outcome of the case because Valverde hasn't challenged the district court's finding that he failed to establish an extraordinary and compelling reason justifying his release. We agree with the government that its position on appeal is clearly right as a matter of law and grant its motion for summary affirmance.

In 2016, Valverde pleaded guilty to conspiring with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. section 960(b)(1)(B)(ii) and 46 U.S.C. sections 70503(a) and 70506(a). The district court sentenced him to 135 months' imprisonment.

In 2021, Valverde filed a motion for compassionate release under section 3582(c), as modified by the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5192 (2018). He argued that two extraordinary and compelling reasons warranted compassionate release. First, Valverde argued that his medical conditions—hypertension and hyperthyroidism—along with the inherent vulnerabilities of prisoners made him more susceptible to COVID-19. Second, he

contended that his sentence was excessive when compared to his coconspirator, who was wounded when the Coast Guard shot at their smuggling boat and was never prosecuted. Valverde also maintained that the 18 U.S.C. section 3553(a) factors weighed in favor of his release. And he argued that his release wouldn't endanger the community.

The government opposed Valverde's motion. The government argued that Valverde had failed to establish an extraordinary and compelling reason justifying compassionate release. The "general threat" of exposure to COVID-19, the  government argued, wasn't an extraordinary and compelling reason. The government also argued that the section 3553(a) factors weighed against compassionate release because Valverde's arrest was "extraordinarily dangerous": while Valverde and his accomplices were smuggling thirty bales of cocaine in international waters, the Coast Guard had to "shoot out the engines of the vessel" and seriously injured the ship's captain.

The district court denied Valverde's motion. The district court found that a "fear of contracting COVID-19" and the fact that Valverde's accomplice evaded prosecution were "not 'extraordinary and compelling' reasons warranting compassionate release."

Valverde appeals the denial of his motion for compassionate release. He argues in his brief that the district court erred in denying his motion without considering the section 3553(a) factors. But he doesn't argue that the district court erred in concluding that he

failed to establish an extraordinary and compelling reason for his release.

The government has moved for summary affirmance. The government argues that summary affirmance is warranted because: (1) the district court wasn't required to consider the section 3553(a) factors in the absence of an extraordinary and compelling reason; (2) Valverde hasn't challenged the district court's finding that he failed to establish an extraordinary and compelling reason; and (3) the district court didn't err in finding that Valverde failed to establish an extraordinary and compelling reason.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). That is the case here.

Section 3582(c)(1)(A)'s "plain text" provides that a "district court may reduce a term of imprisonment" if (1) "the [section] 3553(a) sentencing factors favor doing so," (2) "there are 'extraordinary and compelling reasons' for doing so," and (3) "doing so wouldn't endanger any person or the community within the meaning of [guideline section] 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions—i.e., support in the [section] 3553(a) factors, extraordinary and compelling reasons, and adherence to [section] 1B1.13's

policy statement—are necessary, the absence of even one would foreclose a sentence reduction." *Id.* at 1237–38.

Here, Valverde's appeal focuses only on *Tinker*'s first factor: the balance of the section 3553(a) sentencing factors. But the district court didn't deny his motion because of the section 3553(a) factors; it denied his motion because of the lack of an extraordinary and compelling reason. Having found that Valverde failed to establish an extraordinary and compelling reason, the district court didn't need to consider the section 3553(a) factors. *See id.*; *United States v. Giron*, 15 F4th 1343, 1348 (11th Cir. 2021) ("The plain language of [section 3582(c)(1)(A)] means that compassionate release is permissible only if all three findings are made . . . . If any one of the necessary findings cannot be made, then compassionate release is not permissible.").

It would be a different matter if Valverde had also challenged the district court's finding about the absence of an extraordinary and compelling reason. But Valverde failed to challenge that determination on appeal and has therefore abandoned the issue. *See Marek v. Singletary*, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned."). And because Valverde "fail[ed] to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Because Valverde abandoned any challenge to the district court's finding that he failed to establish an extraordinary and compelling reason for his release, and because the district court didn't err in declining to consider the section 3553(a) factors where Valverde failed to establish one of the other two *Tinker* factors, the government's position is clearly right as a matter of law. Given our decisions in *Tinker* and *Giron*, there is no substantial question as to the outcome of this case. We therefore **GRANT** the government's motion for summary affirmance and **AFFIRM** the district court's denial of Valverde's motion for compassionate release.[1]

**AFFIRMED.**

---

[1] We **DENY** as moot the motion to stay the briefing schedule.